UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ignacio Araujo,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, *et al.*,<br><br>    Defendants | 2:16-cv-00159-JAD-VCF<br><br>**Order screening complaint, dismissing claims, and giving plaintiff until August 13, 2016, to file an amended complaint** |

Pro se Nevada state prisoner Ignacio Araujo brings this civil-rights complaint under 42 U.S.C. § 1983 and has also submitted an application to proceed *in forma pauperis*. I temporarily defer the matter of the filing fee, screen Araujo's complaint, dismiss all claims, and give Araujo until August 13, 2016, to file an amended complaint if he can plead true facts to cure the deficiencies outlined in this order.

**Discussion**

    **A.**    **Screening standard**

The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[3]

---

[1] *See* 28 U.S.C. § 1915(a).

[2] *See* 28 U.S.C. § 1915A(b)(1)(2).

[3] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[4] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[5]

**B.     Araujo's complaint**

Araujo sues multiple defendants for events that occurred while he was incarcerated at the High Desert State Prison ("HDSP").[6] He sues the State of Nevada, Warden Neven, correctional officer ("CO") Flores, and fellow inmate J. Montoya.[7] Araujo asserts three claims and seeks monetary damages and release from segregation.[8] At the outset, I dismiss all claims against the State of Nevada with prejudice and without leave to amend because states are immune from § 1983 suit based on the Eleventh Amendment.[9]

*1. Claim one: access to the courts*

Araujo alleges that on February 13, 2013, he initiated the grievance process to get a DVD that contained discovery for his criminal appeal and habeas case and which his attorney had mailed to him in prison.[10] Araujo lists both the Eighth and Fourteenth Amendments as the basis for this claim. I liberally construe claim one as an access-to-the-courts claim.

---

[4] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[6] ECF No. 1-1 at 1.

[7] *Id.* at 2.

[8] *Id.* at 9.

[9] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

[10] ECF No. 1-1 at 4.

Prisoners have a constitutional right of access to the courts.[11] To plead a violation of this right, a prisoner must show that he has suffered "actual injury."[12] To satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim" has been frustrated or impeded.[13]

Araujo's access-to-the-courts claim fails for two reasons. First, Araujo does not allege which defendants were responsible for intercepting his DVD. Second, Araujo does not allege any actual injury resulting from the nine-month delay in receiving his DVD. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[14] Araujo does not allege that he missed a deadline because of this delay. Accordingly, this claim is dismissed without prejudice and with leave to amend.

### 2. Claim 2: due-process violations

In claim two, Araujo alleges that on April 29, 2015, his cellmate defendant J. Montoya made a false Prison Rape Elimination Act ("PREA") allegation against him that resulted in him being housed in "the hole."[15] Araujo is still in "the hole" and no charges have been brought against him.[16] Araujo alleges violations of his due-process rights.

The Supreme Court has held that prisoners possess a liberty interest in avoiding disciplinary confinement that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[17] When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary

---

[11] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[12] *Id*. at 349.

[13] *Id*. at 353.

[14] *Id.* 348 (citation and internal quotation marks omitted).

[15] ECF No. 1-1 at 5.

[16] *Id.*

[17] *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

review of the evidence justifying the decision to segregate the prisoner[18] and must periodically review that placement.[19]

Additionally, when a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.[20]

I dismiss Araujo's due-process claim without prejudice because it is unclear from his complaint whether he takes issue with being placed in segregation or with the disciplinary proceedings leading up to that segregation. Araujo also fails to identify which defendants are responsible for the alleged violations. Defendant Montoya, a fellow inmate, is not a proper defendant under § 1983 because inmates typically do not act under "color of state law," and Araujo has alleged no facts to show Montoya did. If Araujo chooses to replead this claim, he cannot do so against Montoya and he must identify which state actors are responsible for the alleged violations and describe how each personally participated in the alleged violations.

### 3. Claim 3: failure to protect

Araujo alleges that on October 25, 2015, CO Flores escorted him and kept "pushing" him and "snatching" his arms while he was handcuffed with his hands behind his back.[21] Araujo also alleges that CO Flores throws Araujo's food on the ground, verbally harasses him, and ignored his report of threats by other inmates.[22] I liberally construe this claim as an Eighth Amendment claim for

---

[18] *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

[19] *See Hewitt*, 459 U.S. at 477 n.9.

[20] *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

[21] ECF No. 1-1 at 6.

[22] *Id.*

deliberate indifference to serious threats to Araujo's safety.

The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care.[23]  To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety.[24]  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[25]

Araujo's deliberate-indifference claim is dismissed without prejudice and with leave to amend.  Araujo alleges that CO Flores ignored his report of threats by other inmates but he does not identify the nature of those threats or any facts to show that CO Flores knew that a substantial risk of serious harm to Araujo existed.  If Araujo chooses to replead this claim, he must allege more facts to support it; conclusory allegations are not enough.

**C.  Supervisory liability**

Araujo names Warden Neven in his complaint but fails to identify any actions taken by Warden Neven.  A defendant is liable under § 1983 "only upon a showing of personal participation by the defendant."[26]  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondent superior liability under § 1983."[27]  All claims against Warden Neven are dismissed without prejudice and with leave to amend.  Araujo is cautioned that if he chooses to include Warden Neven as a defendant in his amended complaint, he must allege facts to

---

[23] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[24] *Id*. at 834.

[25] *Id*. at 837.

[26] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[27] *Id.*

show that Warden Neven personally participated in the alleged violation.

**D.     Leave to amend**

Araujo is granted leave to file an amended complaint to cure the deficiencies I have outlined in this order.  Araujo is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself without reference to the original complaint.[28] Araujo's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.  Araujo must file the amended complaint on this court's approved prisoner civil-rights form and must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  Upon amendment, Araujo must follow the directions in the form complaint and "[s]tate the facts clearly, in [his] own words, and without citing legal authority or argument . . . describe exactly what *each defendant (by name)* did to violate [his] rights."  If Araujo chooses to file an amended complaint, he must do so by **August 13, 2016**.  **If Araujo does not file an amended complaint by this deadline, this case will be closed without further warning.**

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **all claims against defendants the State of Nevada and J. Montoya are dismissed with prejudice because amendment would be futile and all claims against CO Flores and Warden Neven are dismissed without prejudice and with leave to amend.**

The Clerk of Court is instructed to file Araujo's complaint [ECF No. 1-1], send him the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint [ECF No. 1-1].

Araujo is instructed that, if he chooses to file an amended complaint curing the deficiencies outlined in this order, he must do so by August 13, 2016, and he must use the approved form.  If

---

[28] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Araujo does not file an amended complaint by this deadline, this case will be closed further notice.

Dated this 13th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge